UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHERMAN PRUITT,<br><br>          Plaintiff,<br><br>   v.<br><br>CITY OF EDMONDS; VIVIAN OLSON; and MIKE NELSON,<br><br>          Defendants. | C23-1924 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge.

(1)    Defendant Vivian Olson's motion to dismiss, docket no. 9, in which Defendants Mike Nelson and the City of Edmonds ("the City") have partially joined, docket no. 11, is DENIED for the following reasons:

    (a)    **Plaintiff's RCW 49.60 Claims:**  To establish a prima facie case of disparate treatment under RCW Chapter 49.60, a plaintiff must show (1) membership in a protected class, (2) less favorable treatment in the terms or conditions of employment (3) than a similarly situated nonprotected employee, (4) who does substantially similar work.  See, e.g., Johnson v. Dep't of Soc. & Health Servs., 80 Wn. App. 212, 227, 907 P.2d 1223 (1996).  City Councilwoman Olson does not dispute that Plaintiff Sherman Pruitt is a member of a protected class, but she contends that none of the other elements of a disparate treatment claim are pleaded against her.  See Def.'s Mot. at 12 (docket no. 9).  The Court disagrees and concludes that Plaintiff has pleaded the elements of a prima facie case under the Washington Law Against Discrimination ("WLAD") because Plaintiff alleges that (1) he applied and was qualified for the police chief job,

MINUTE ORDER - 1

(2) he was rejected when his offer of employment was withdrawn, and (3) the police chief job was given to a white candidate (4) with the same qualifications. Compl. at ¶¶ 1.1, 1.8, 1.21, & 5.51 (docket no. 1). Thus, Olson's motion to dismiss Plaintiff's WLAD claim is DENIED. Nelson and the City neither join nor oppose this portion of Olson's motion. Defs.' Partial Joinder at 5 (docket no. 11).

(b)   **Plaintiff's Section 1981 and Section 1983 Claims:**

(i)   **Legislative Immunity:** Olson argues that she is entitled to legislative immunity from Plaintiff's claims brought under 42 U.S.C. §§ 1981 and 1983 (the "federal claims"). Def.'s Mot. at 6 (docket no. 9). Plaintiff, however, alleges that Olson "intended for her discriminatory and race-based feedback and attacks to cause Mayor Nelson to withdraw Chief Pruitt's employment offer." Compl. at ¶ 5.46 (docket no. 1). The Court concludes that Olson is not entitled to legislative immunity from Plaintiff's federal claims. See Martin v. City of Mill Creek, No. C18-781, 2019 WL 1556186, at *2 (W.D. Wash. 2019) (noting that "[p]ersonnel decisions are generally administrative in nature" and concluding that the defendants did not show absolute legislative immunity was appropriate where the defendants interviewed, voted on, and appointed someone to the city council); see also Chateaubriand v. Gaspard, 97 F.3d 1218, 1220 (9th Cir. 1996) ("courts look to 'the nature of the function performed, not the identity of the actor who performed it,'" and "[a]bsolute immunity applies 'only when legislators act in their legislative capacities'"). Thus, Olson's motion to dismiss Plaintiff's federal claims based on legislative immunity is DENIED.

Nelson and the City join in this portion of Olson's motion to dismiss. Defs.' Partial Joinder at 1 (docket no. 11). Nelson and the City also maintain that Plaintiff's federal claims against them are improperly based on the "cat's paw" doctrine. Id. at 1–2. The cat's paw or "subordinate bias" doctrine applies when "an unbiased decision-maker . . . disciplines an employee unknowingly due to a [subordinate] supervisor's bias." Boyd v. Washington, 187 Wn. App. 1, 6 n.1, 349 P.3d 864 (2015) (emphasis added). Plaintiff, however, alleges that Nelson knowingly relied on Olson's allegedly discriminatory investigation and the City withdrew the job offer because of the intentional conduct of Olson. See Compl. at ¶¶ 5.46 & 5.47. Nelson and the City's motion presented by their partial joinder is also DENIED.

(ii)   **Qualified Immunity:** Olson argues that Plaintiff's federal claims should be dismissed because Olson is protected by qualified immunity. Def.'s Mot. at 10 (docket no. 9). Specifically, Olson contends that the Complaint fails to identify facts from which Olson would have known that her actions violated Plaintiff's clearly established rights. Id. at 11. Plaintiff, however, alleges that Olson "intended for her discriminatory and race-based feedback and attacks to cause Mayor Nelson to withdraw Chief Pruitt's employment offer." Compl. at

MINUTE ORDER - 2

¶ 5.46.  Olson is not entitled to qualified immunity because Plaintiff accuses Olson of intentional race discrimination.  Yoshikawa v. Seguirant, 41 F.4th 1109, 1118 (9th Cir. 2022) ("We have long held that a public official is not entitled to qualified immunity in a § 1981 case if he is accused of intentional racial discrimination."), vacated on reh'g en banc on other grounds, 74 F.4th 1042 (9th Cir. 2023).  Government officials are not entitled to qualified immunity as to disparate treatment claims because a reasonable person would be aware that racial discrimination violates clearly established rights.  See Mustafa v. Clark Cnty. Sch. Dist., 157 F.3d 1169, 1181 (9th Cir. 1998).  Thus, Olson's motion to dismiss based on qualified immunity is DENIED.  Likewise, Nelson and the City's motion as set forth in their partial joinder, see Defs.' Partial Joinder at 4 (docket no. 11), must also be DENIED.  The City itself has no right to qualified immunity; only Nelson can assert qualified immunity.  Nelson is not entitled to qualified immunity because he is accused of intentional race discrimination.  See Mustafa, 157 F.3d at 1181; see also Compl. at ¶¶ 5.13 & 6.4.

    (iii) **Constitutionally Protected Right to Future Employment:**  Olson also argues that the federal claims should be dismissed "because Plaintiff does not have a constitutionally protected property interest in at will employment with the City of Edmonds."  Def.'s Mot. at 7 (docket no. 9).  Nelson and the City join this portion of Olson's motion.  Defs.' Partial Joinder at 2 (docket no. 11).  According to Olson, "[w]hen public employment is at will, Plaintiff has no reasonable expectation of future employment in the position, and he does not have a property interest in the position that is protected by the constitution."  Id. at 7–8 (citing Brady v. Gebbie, 859 F.2d 1543, 1548 (9th Cir. 1988), Bollfrass v. City of Phoenix, 628 F. Supp. 3d 920, 934 (D. Ariz. 2022), and Socol v. Albemarle Cnty. Sch. Bd., 399 F. Supp. 3d 523, 536 (W.D. Va. 2019)).  Brady, Bollfrass, and Socol do not support Olson's argument.  Section 1981 establishes a substantive right against race discrimination that may be vindicated through a cause of action brought under § 1983.  See Yoshikawa, 74 F.4th at 1044–48; see also Adams v. McDougal, 695 F.2d 104, 108–09 (5th Cir. 1983) (interpreting Ramirez v. San Mateo Cnty. Dist. Att'y's Off., 639 F.2d 509 (9th Cir. 1981), as applying § 1981 to employment that is appointive without any definitive term); McDaniels v. Hospice of Napa Valley, No. C06-2558, 2006 WL 2038276, at *7–8 (N.D. Cal. July 19, 2006) (concluding that the Ninth Circuit would follow the decisions of other circuits that allow at-will employees to pursue racial discrimination claims under § 1981).  Thus, Olson's motion to dismiss, in which Nelson and the City have joined, which is based on the theory that Plaintiff does not have a property interest in at-will employment, is DENIED.

    (iv) **Person for 42 U.S.C. § 1981 or 1983 Liability:**  Olson maintains that "Plaintiff's Complaint against City Councilwoman Olson avers that she violated his constitutional rights in her capacity [as] a member of the Edmonds

MINUTE ORDER - 3

City Council" and argues that "a claim against a defendant in her official capacity is a claim against the office and the office is not a 'person' amenable to suit pursuant to 42 U.S.C. § 1983 or § 1981." Def.'s Mot. at 8 (docket no. 9). Plaintiff, however, asserts claims against Olson in her individual capacity. Compl. at ¶ 2.4. State officials sued in their individual capacities are "persons" under § 1983. Hafer v. Melo, 502 U.S. 21, 31 (1991). Thus, Olson's motion to dismiss the federal claims because she is not a "person" amenable to suit is without merit.

Nelson joins in this portion of Olson's motion. Defs.' Partial Joinder at 4–5 (docket no. 11). In addition to Olson's arguments, Nelson contends that "courts routinely dismiss Section 1981 & 1983 claims asserted against individual government officials which are duplicative of the claims asserted against the municipality." Id. (citing Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001)). Nelson's reliance on Castro Romero is misplaced because Plaintiff brings the federal claims against Nelson in his individual capacity.

(v) **Policy or Custom that Deprived Plaintiff of a Constitutionally Protected Right:** Olson argues that the federal claims should be dismissed because Plaintiff fails to allege that "Olson's alleged constitutional violations were pursuant to a City of Edmonds policy or custom." Def.'s Mot. at 9 (docket no. 9). Nelson and the City join this portion of Olson's motion. Defs.' Partial Joinder at 3–4 (docket no. 11). According to Olson, "[w]hen plaintiff alleges liability against a municipality pursuant to § 1981 or § 1983, plaintiff must allege that his or her rights were violated as a result of an official custom or policy." Def.'s Mot. at 9 (docket no. 9) (emphasis added, citing Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1216 (9th Cir. 1996)). Plaintiff, however, asserts the federal claims against Olson and Nelson in their individual capacities. Compl. at ¶¶ 2.3–2.4. As Plaintiff points out, "Olson cites no authority for the proposition that Section 1983's custom or policy requirement applies to officials sued in their individual capacit[ies]." Pl.'s Resp. at 11 (docket no. 14). Thus, Olson's and Nelson's motions to dismiss Plaintiff's federal claims because the Complaint failed to identify a City of Edmonds policy or custom lacks merit. With respect to the City of Edmonds, Plaintiff accurately indicates that no policy or custom need be pleaded because he asserts that individuals with final policy-making authority for the City committed the constitutional torts at issue. See Pl.'s Resp. at 10 (docket no. 15) (citing Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992), and Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867, 883 (9th Cir. 2022)).

(2) Plaintiff moves to exclude the declaration of Gregory E. Jackson, docket no. 10, and the three exhibits thereto. Pl.'s Resp. at 15 (docket no. 14). The Court DENIES the motion as to Exhibit 1 (the minutes of the city council meeting dated

MINUTE ORDER - 4

December 8, 2020, referred to in the Complaint at footnotes 6 & 7).  The motion is otherwise GRANTED.

  (3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

  Dated this 1st day of May, 2024.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 5